## VERNON C. SEAVER

### *v.*

### JOHN R. THOMPSON.

*Opinion filed February 20, 1901.*

1. LEASES—*provision concerning renewal of option considered.* Under
a provision that if the lessor "shall, during the months of March
and April, 1899, decide, *by notice given to the second party in writing,*"
not to commence to re-build, then the lessee may elect, by written
notice, to renew the lease, the lessee's right of renewal does not
depend upon the lessor's act in giving written notice of his decision
not to re-build, but upon the fact that he makes such decision.

2. SAME—*lessee may waive provision for his benefit.* A provision that the lessor will notify the lessee, in writing, of the existence of some fact upon which the lessee's right to give notice of his election to renew the lease is made to depend, is for the lessee's benefit, and he may waive the requirement of written notice and act upon knowledge of such fact otherwise obtained.

*Thompson* v. *Seavor,* 91 Ill. App. 500, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

One Charles Netcher, the owner of the premises known as No. 81 East Madison street, city of Chicago, on which is situate a four-story stone-front building, by his written lease granted the store floor and basement thereof to the appellee, Thompson, from the first day of May, 1898, until the 30th day of April, 1899, for the annual rental of $3250. The lease was executed on a printed form, which provided that the lessee should be required and bound, "at the termination of this lease, by lapse of time or otherwise, to yield up immediate possession to said party of the first part, and failing so to do, to pay as liquidated damages, for the whole time such possession is withheld, the sum of $150 per day." But the parties incorporated in the lease the following condition in writing: "In case the said first party shall, during the months of March and April, 1899, decide, by notice given to said second party in writing, that said first party will not, during the year 1899 or 1900, commence to build on the land on which are situated the premises demised, then, at the election of the second party evidenced in writing and served upon the first party during the months of March and April, 1899, the second party shall be entitled to a renewal of this lease for the year commencing May 1, 1899, and ending April 30, 1900, at the same rental that is herein provided for the present term of said lease,"

The said Netcher did not notify said appellee, Thompson, in writing or otherwise, during the months of March and April, 1899, that he had decided not to commence to build on the premises during the year 1899 or 1900, but on the 17th day of April, 1899, had so decided, and on said day entered into a lease with the appellant, Seaver, leasing the premises to the said Seaver for the term of one year beginning May 1, 1899, for an annual rental of $5000. The lease to the appellant contained the following provisions: "It is expressly understood that said first party, (Netcher,) by lease dated February 9, 1898, made a lease of the herein demised premises to John R. Thompson, which said lease was for a term commencing May 1, 1898, and ending April 30, 1899, and which contained a clause substantially to the effect that in case the said first party shall, during the months of March and April, 1899, decide, by notice given to said John R. Thompson in writing, that said first party will not, during the year 1899 or 1900, commence to build on the land on which are situated the premises demised by said lease, then, at the election of said John R. Thompson evidenced in writing and served upon the first party during the months of March and April, 1899, the said John R. Thompson shall be entitled to a renewal of said lease for the year commencing May 1, 1899, and ending April 30, 1900, at the same rental that is therein provided for, the term of said lease commencing May 1, 1898, and ending April 30, 1900. The said Charles Netcher hereby covenants that he has not served or caused to be served upon the said John R. Thompson written notice that he will not, during the year 1899 or 1900, commence to build upon the land on which are situated the premises herein demised. He further covenants that the said John R. Thompson has, prior to the date hereof, served no written notice of his election regarding said lease. The said second party hereby expressly releases the said first party from any claim for damages, if any, of any sort, nature or descrip-

tion, that he may or might, now or at any time hereafter, have against the said first party because of the making of this lease or because of the failure of said John R. Thompson to deliver possession of the premises herein demised on the first of May, 1899, or at any time thereafter, or because of the failure of said second party to get possession of the herein demised premises by reason of any claim on the part of said John R. Thompson growing out of the lease of said John R. Thompson with the party of the first part, hereinbefore referred to."

On the 21st day of April, 1899, the appellee served on said Netcher the following notice, in writing:

"*Charles Netcher, Esq.:*          "CHICAGO, ILL., *Apl. 21st, '99.*

"DEAR SIR—Not having received from you a notice that you intend to commence to build during the years 1899 and 1900 on the land on which are situated the premises demised to me by lease dated February 9, 1898, and more particularly described as the store floor and basement of the four (4) story stone-front building situate and known as number eighty-one (81) East Madison street, in the city of Chicago, county of Cook and State of Illinois, I hereby notify you that I have elected to retain possession of said premises for the term commencing on the first day of May, 1899, and ending the 30th day of April, 1900, and on the same terms provided for in said above mentioned lease, and I hereby agree to be bound by and to observe all the covenants, terms and conditions of said above mentioned lease for and during said term beginning May 1, 1899, and ending April 30, 1900. If, however, you prefer that a new lease for such additional time should be executed, I will willingly sign such new lease, provided it is substantially the same as the lease now existing between us.          "Yours truly,

JOHN R. THOMPSON."

Appellee, Thompson, contended that under the conditions of the lease, and in view of his notice given to the said Netcher, the lease had been renewed for the additional term of one year ending April 30, 1900, and refused to surrender possession to the appellant, whereupon the appellant instituted an action in forcible detainer before a justice of the peace to recover possession

of the premises. The cause came into the circuit court on appeal, and was there submitted to the court for decision without the intervention of a jury. Judgment being rendered in favor of appellant, the cause was removed, by appeal, to the Appellate Court for the First District. The Appellate Court reversed the judgment of the circuit court and entered judgment in favor of the appellee, Thompson, for his costs in that court and in the circuit court. This is an appeal prosecuted to reverse the judgment of the Appellate Court.

DAVID S. GEER, for appellant.

REMY & MANN, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

There is no difficulty in reconciling the printed provisions in the lease given to appellee requiring him to yield up immediate possession of the premises at the termination of the first period of one year, and the written provision in the same lease under which he claims the right to retain possession of the premises for a second year. If there was irreconcilable conflict between the two provisions, the written would overcome that in the printed form, and prevail. The provisions of the printed clause and of that in writing may be each given effect. The printed clause, at the end of the first year, if such action under the written clause as would operate to extend the lease for another year should not have been given, would become operative; and if such action had been taken, the provisions of the printed clause would come into operation and effect at the end of the second term.

Nor do we think any difficulty is encountered in ascertaining the meaning and intention of the parties to this lease as to a renewal of the letting for a second term of one year. The contract was, that if the lessor should

decide to allow the building then on the premises to remain there,—that is, he determined that he would not remove or tear it away for the purpose of erecting another building there,—the lessee should have an option to secure a renewal of the lease for said store room and basement for a second term of one year, if he should elect, at any time during the months of March or April, 1899, to exercise his option, and should, during such time, notify the lessor, in writing, of such election. This right of the lessee to so extend the lease could only be exercised in the event the lessor determined that he would not, during the period which the second term would include, commence to erect another house on the premises, but the right to exercise it became complete if the lessor did so decide and he (the lessee) should notify the lessor in writing, within the specified months, that he had elected to hold the premises for a second year. The provision in this clause of the lease with reference to the written notice to be given the lessee of the decision of the lessor as to the erection of another building on the premises was for the benefit of the lessee, in order he might have the requisite information to enable him to exercise the option secured to him by the contract between them.

The position it was indispensable to the existence of the option the lessor should reduce his decision that he would not commence to build, to writing, is not tenable. If the lessor determined, during the specified months of 1899, that he would not commence to build on the premises during the contemplated second year of the lease, an option at once arose in favor of the lessee to secure a renewal of the lease by giving written notice, as required by the lease, of his election to do so, and the lessor could not, in such state of case, deprive the lessee of this option by failing or declining to notify the lessee, in writing, of the determination to which he had arrived. It was stipulated by the parties that said lessor, Netcher, on the 17th day of April, 1899, had determined the course

he would pursue during the coming year in regard to the matter of replacing the building then on the premises with another, and this determination on his part was further fully manifested by the execution of the lease to the appellant, whereby he contracted to permit the appellant to occupy the store room and basement of the building on the premises for and during the said period of one year. It is not the true construction of the clause of the lease here under consideration that the lessor should reduce to writing his decision that he would not build, but that appellee was entitled to be notified in writing of such decision. It was competent for the lessee to waive this character of notice and to act on knowledge otherwise obtained of the existence of the fact to which he was entitled to be informed in writing. The fact upon which rested his right to exercise the option existed; he elected to exercise the option and complied with all that was required of him to be done in order to make the option effective as between him and the lessor, Netcher. The appellant, Seaver, did not by his lease obtain any rights superior to those of his lessor. The lease which he accepted advised him, in the fullest possible manner, of the rights of the appellee under the lease from Netcher to appellee, and, though it was recited in the lease held by the appellant that the lessor had not notified the appellee, in writing, of his intention relative to the construction of a new building on the premises, still the execution of the lease to the appellant conclusively advised the appellant that the said Netcher had decided upon the course of action upon which rested the right in the appellee to renew his lease of the premises for the same period of time for which the appellant was contracting for the same.

The judgment of the Appellate Court is correct and is affirmed.                                      *Judgment affirmed.*