## HARRELL et al. v. SCOTT.

No. 5395. Opinion Filed September 28, 1915.

(151 Pac. 1169.)

1. **ACTION—Causes of Action—Joinder—Damages.** Where a course of wrongful conduct results in injuries of a separate and distinct nature, the party injured is not required to file separate suits, but may recover all damages growing out of such wrongful conduct, regardless of any difference in the nature and character of the injuries sustained by reason of such wrongful conduct.

2. **APPEAL AND ERROR—Verdict—Evidence.** Where the evidence is conflicting, and the evidence of the prevailing party reasonably tends to support his contention, the verdict of the jury will not be disturbed.

(Syllabus by Brett, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by Adam Scott against Street Harrell and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. F. Thomas,* for plaintiffs in error.

*H. W. Hanna* and *W. Swift,* for defendant in error.

Opinion by BRETT, C. This action was commenced in the district court of Comanche county by Adam Scott,

the defendant in error, as plaintiff, against the plaintiffs in error, as defendants, to recover damages for the conversion of certain personal property, and the ouster of a certain leasehold. The petition alleges, in substance, that by fraud, threats, and intimidation the defendants converted plaintiff's personal property, and drove him from his leasehold. The defendants demurred to the petition on the ground that there was a misjoinder of causes of action; that the joinder of the action for damages for the conversion of personal property with that of damages for the ouster of a leasehold was improper. The demurrer was overruled, and exceptions allowed. The defendants then answered, and there was trial to a jury, which resulted in a judgment for the plaintiff, and from this judgment the defendants appealed.

The grounds relied upon for a reversal of the judgment are: First, the overruling of the demurrer to the petition; and, second, that the verdict is not sustained by the evidence.

We have examined the petition, and find there is really only one cause of action pleaded, which is alleged in separate counts to have resulted from the conversion of the personal property set out in the petition, and from driving plaintiff from the leasehold. Both of these injuries are alleged to have resulted from the same course of conduct; and the plaintiff was not required to bring separate actions because the wrongs complained of resulted in injuries of a separate and distinct nature. Section 4738, Rev. Laws 1910, provides that:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following classes:

First, the same transaction, or transactions, connected with the same subject of action."

And, it being alleged that both of the resultant injuries grew out of the same transaction, damages could properly be asked for each in the same suit, regardless of any difference in the nature of the injuries sustained. *Boulden v. Thompson et al.,* 21 Cal. App. 279, 131 Pac. 765.

The second ground for reversal is that the verdict is not sustained by the evidence. But we have examined the evidence, and cannot conceive how evidence could be more conflicting. The evidence of the plaintiff fairly sustains his contention, while the evidence of the defendants squarely contradicts every material statement made by the witnesses for the plaintiff. This evidence was submited to a jury under instructions, not complained of, and, under the oft-repeated ruling of this court that it will not weigh conflicting evidence, their verdict should not be disturbed.

We recommend that the judgment be affirmed.

By the Court:  It is so ordered.