APPLE *et al.* v. FRENCH.

No. 4811.    Opinion Filed October 12, 1915.

Rehearing Denied February 8, 1916.

(154 Pac. 657.)

**APPEAL AND ERROR**—Review—Verdict—Evidence. Where the evidence reasonably tends to support the verdict of the jury, the judgment of the trial court will not be disturbed.

(Syllabus by the Court.)

*Error from County Court, Carter County;*
*M. F. Winfrey, Judge.*

Action by J. P. French against S. A. Apple and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. A. Bass,* for plaintiffs in error.

*Guy Green,* for defendant in error.

TURNER, J.    On January 3, 1912, in the county court of Carter county, J. P. French sued S. A. Apple and Wirt Franklin on their past-due promissory note, which reads:

"919.90.          ARDMORE, OKLAHOMA, March 22, 1911.

"October 22, 1911, after date we promise to pay to the order of J. P. French nine hundred nineteen and 99-100 dollars, with interest at 8 per cent. per annum.

"S. A. APPLE,
"WIRT FRANKLIN."

For answer defendants admitted the execution and delivery of the note as alleged, and pleaded a partial failure of consideration therefor. After issue joined by reply there was trial to a jury and judgment for plaintiff, and defendants bring the case here.

The judgment is neither contrary to the law nor to the evidence. After plaintiff had made a *prima facie* case on the note and rested, defendants, in support of their plea of failure of consideration, proved that on the day the note was made, executed, and delivered there was pending at Cornish before a justice of the peace a suit in unlawful detainer for some 400 acres of land wherein defendants were plaintiffs and one Jesse Northcutt and others were defendants; that Northcutt and the others were tenants of the plaintiff in this suit, who there appeared with counsel to defend. To defend his possession in that case he relied upon a lease of the land theretofore executed by one Ravon, as natural guardian of a certain minor, the owner thereof, to one Horniday, dated January 24, 1910, and duly recorded, under which he had entered and made valuable and lasting improvements. The evidence further discloses that Apple and Franklin, the plaintiffs there, had, since the execution of said lease, purchased the land, and in that action were seeking to recover possession. On the day aforesaid all parties in interest met at Cornish for the

trial of that cause, but first proceeded to secure an amicable adjustment of their differences.   During negotiation for a settlement of the case French, the defendant herein, admitted, upon investigation, that his lease was of no validity, and suggested that he would settle the case and yield possession if plaintiffs would pay him for his improvements, which, the evidence discloses, were worth the amount of the note.   So far there is no dispute of the facts, but here the testimony conflicts.   French adduced evidence tending to prove that the note was given in payment for his improvements and for his surrender of the premises.   Defendants adduced evidence tending to prove that after the note was executed it occurred to them that they were entitled to a release from French of his claim to the land, whereupon they came to him as he was leaving town, and, they say, as part of the same transaction, presented him the following, which was then and there signed by all parties in interest:

"CORNISH, OKLA., March 22, 1911.

"This agreement witnesseth that in settlement of the suit filed before Hon. W. C. Hogan, this day set for trial— Apple & Franklin v. Jess Northcutt et al., J. P. French of Ft. Worth, Texas, for the sum of $1,125.00 ($205.10 this day paid) and note for the sum of $919.90, does this day surrender possession of the land in controversy, and will at once execute and deliver to said Apple & Franklin a quitclaim or release of any title papers he may have thereon.              J. P. FRENCH.

"APPLE & FRANKLIN."

They further proved that, while French had yielded them possession, they had neither demanded nor received of him the release as agreed.   On the other hand, it was shown that said release was secured before the commencement of this suit, and, to the best recollection of witness,

in due time sent to defendants as plaintiff had agreed. In short, the case was defended upon the theory that a surrender of possession and release constituted practically the sole consideration for the note sued, and that the release had never been executed and delivered, and, besides, that French had nothing to release, but had secured their note for nothing.

But the jury found for the plaintiff under instructions which are uncomplained of, and, as there is evidence reasonably tending to support the verdict, the judgment is affirmed.

All the Justices concur.