## WATERS-PIERCE OIL CO. et al. v. PROGRESSIVE GIN CO.

No. 6294—Opinion Filed June 27, 1916.

(159 Pac. 349.)

### Sales—Construction—Options.

The W. P. O. Co., whose successor was the Pierce Oil Corporation, entered into a written contract with the P. G. Co., whereby the W. P. O. Co. sold and agreed to deliver to the P. G. Co. 200 barrels of gasoline during a specified period, and provided in said contract that the P. G. Co. should have the optional right to order and receive and the W. P. O. Co. should thereupon deliver under said contract such additional quantity of gasoline as it might desire not to exceed 400 barrels during the life of the contract. The W. P. O. Co. delivered 230 barrels of gasoline and refused, upon order therefor by the P. G. Co., to furnish defendant 150 barrels more of gasoline. Held, that the part of the contract providing for furnishing the additonal 200 barrels of gasoline was not a unilateral contract, but was an option based upon a consideration—the purchase of the 200 barrels of gasoline which were delivered. Further held, that upon failure of the successor of the W. P. O. Co. to fill the order of the P. G. Co. for the additional 150 barrels of gasoline, the Pierce Oil Corporation, as successor to the W. P. O. Co.. was liable to the P. G. Co. for the difference between the contract price of said gasoline and the market price of said gasoline at the time the order for the said 150 barrels was made by the P. G. Co.

(Syllabus by Collier, C.)

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Action by the Waters-Pierce Oil Company, a corporation, in which the Pierce Oil Corporation, its successor, was substituted as plaintiff, against the Progressive Gin Company, which cross-petitioned. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Burwell, Crockett & Johnson, for plaintiff in error.

J. F. McKeel, for defendant in error.

Opinion by COLLIER, C. This action was instituted by the plaintiff in error, Waters-Pierce Oil Company, a corporation, against the Progressive Gin Company, a corporation. Afterwards the Pierce Oil Corporation, as successor to the Waters-Pierce Oil Co., was substituted as the party plaintiff, to recover the sum of $367.20 on account of goods, wares. and merchandise sold and delivered by plaintiff in error to defendant in error. The parties hereafter will be styled as they were in the trial court.

The defendant answered and filed its cross-action as follows:

"Answering affirmatively, this defendant says that on, to wit, August 22, 1911, this defendant entered into a written contract with plaintiff, whereby the plaintiff sold and agreed to deliver to this defendant from time to time as ordered by the defendant, during a period of 12 months from said time, 200 barrels of 50 gallons each of engine gasoline at 8 cents per gallon. It was further agreed as follows: 'The exact quantity desired by the said second party not being definitely known, it is agreed that the quantity above specified is the minimum quantity of engine gasoline

which shall be ordered, delivered, received, and paid for under this contract. But the second party shall have the optional right to order and receive, and the first party shall thereupon deliver under this contract, and at the place and price specified above, such additional quantities as the second party may desire, provided quantity does not exceed 400 barrels during the period of time covered by this contract.' Copy of said contract is hereto attached, marked 'Exhibit A,' and made a part of this answer.

"That on, to wit, August 17, 1912, this defendant ordered of and from plaintiff 150 barrels of engine gasoline to be supplied to it at once, and that plaintiff failed and refused to furnish said gasoline, or any part thereof, except the gasoline charged in plaintiff's petition herein, which said gasoline amounts in quantity to 2,127 gallons, and that under said contract this defendant was bound to pay the plaintiff 8 cents per gallon for said gasoline furnished, amounting to $170.16. This defendant admits further that it received the other merchandise charged in plaintiff's petition, amounting to $37.54, making a total of merchandise received by this defendant, when charged at the contract price, of $207.70. Now, this defendant says that said plaintiff was bound under its contract to furnish him 150 barrels of engine gasoline of 50 gallons per barrel, making a total of 7,500 gallons, and the defendant admits that it received from plaintiff 2,127 gallons, as above set out, which leaves the plaintiff owing this defendant 5,373 gallons not delivered. The defendant says that said gasoline advanced in price of 15½ cents per gallon, and that by reason of the advance in price of said gasoline and by reason of the failure of plaintiff to deliver to this defendant 5,373 gallons, as it was bound to do under its said contract, this defendant was damaged in the sum or amount of 7½ cents per gallon for the amount not delivered, in the sum of $402.97, and that plaintiff thereby became and now is indebted and bound to pay this defendant the said sum of $402.97; that said sum due from plaintiff to this defendant of $402.97, less the amount due from this defendant to plaintiff for merchandise received of $207.70, leaves a balance due this defendant on settlement of $195.27, and this defendant says that plaintiff is indebted to it in the said sum of $197.27."

A general demurrer was interposed to the fourth and fifth paragraphs of defendant's answer and cross-petition, which demurrer was overruled by the court and such action of the court duly excepted to.

The plaintiff denied generally the allegations contained in the answer of the defendant. It admitted entering into the contract pleaded by the defendant, but alleged that plaintiff had fully complied with all the conditions thereof and had furnished the defendant more than 200 barrels of gasoline of 50 gallons each, prior to the termination of said contract, and that if the defendant in fact did order 150 barrels of gasoline on the 17th day of August, 1912, it was after plaintiff had fully complied with the contract.

It was further alleged that plaintiff was not bound to supply the defendant with the said 150 barrels of gasoline, for the reason that the provision in the contract in that regard was optional and unilateral and lacking in mutuality, and plaintiff was not bound thereby. It also alleged that, if the defendant did order the said 150 barrels of gasoline, it was ordered with the intention of not paying for the same; that at the time the defendant was insolvent, and had been for a number of months prior thereto, and had failed to pay for gasoline ordered from plaintiff, and was still indebted therefor to plaintiff, for which reason plaintiff alleged it was not bound or obligated to fill said order.

The evidence in the case is undisputed that the said contract was entered into; that 200 barrels of gasoline had been delivered to defendant and that, after the delivery of said 200 barrels, the defendant had ordered 150 barrels of gasoline additional, and that the plaintiff had failed and refused to deliver such gasoline so ordered. The evidence was in conflict as to whether or not the defendant was insolvent.

The court, among other instructions, instructed the jury as follows, to which the defendant duly excepted:

"No. 2. The court instructs the jury that, under the terms of the contract between the plaintiff and the defendant, the Progressive Gin Company bound itself to receive and pay for 200 barrels of engine gasoline, and the plaintiff bound itself to sell and deliver to the defendant 200 barrels of gasoline at the price of 8 cents per gallon, and that said contract contained an offer on the part of the plaintiff to sell to the Progressive Gin Company 200 additional barrels of engine gasoline at 8 cents per gallon during the year, and that the defendant, the Progressive Gin Company, would have the right to accept the offer of the plaintiff at any time within the year, unless notified that the same was withdrawn; and, if the defendant ordered engine gasoline not to exceed 200 barrels within a year, then it would become a binding contract on the part of the plaintiff, if the defendant had complied with all the duties imposed upon it by the terms of the contract.

"No. 3. The court instructs the jury that, if you believe from a preponderance of the evidence that the defendant, the Progressive Gin Company, substantially complied with its duties as set out in the contract given in evidence, and accepted the offer of the plaintiff contained in the contract to sell additional barrels of engine gasoline, not in excess of 200 barrels at 8 cents per gallon, within the time specified in the contract, and that

the said Progressive Gin Company ordered 150 barrels of engine gasoline, and were in no different financial condition than at the time when the contract was entered into, that is to say, were not insolvent by being unable to pay its undisputed debts when due, then you are instructed that you should find for the defendant upon its cross-petition against the plaintiff for the difference in the price of 8 cents per gallon, and the market price per gallon of engine gasoline at Roff, Okla., on the date said order was made, and deduct from this amount the sum sued for by the plaintiff, to wit, $367.20."

The plaintiff requested the court to give special instructions Nos. 1, 2, and 3, which said instructions are in words and figures as follows, which the court refused to do, and to the refusal of which the plaintiff separately duly excepted:

"No. 1. Plaintiff asks the court to direct the jury to return a verdict for it and against the defendant for the amount admitted to be due, as shown by its original petition.

"No. 2. You are instructed that, if you believe from the evidence that the plaintiff and defendant entered into a contract upon the 22d day of August, 1911, whereby the plaintiff was to deliver to the defendant 200 barrels of engine gasoline at 8 cents per gallon, of 50 gallons each, and that said contract did not specify or defendant did not agree to accept and pay for more than 200 barrels of gasoline, then, and in that event, the plaintiff was not obligated or bound to deliver to said defendant more than 200 barrels of gasoline and would not be liable for its failure to deliver the said 150 barrels of gasoline after it had delivered the 200 barrels of gasoline, and your verdict should be for the plaintiff.

"No. 3. You are instructed that, if the contract set out in defendant's answer could not be enforced against the defendant if it had not ordered more than 200 barrels, it is what is known in law as an unilateral contract, and could not be enforced against the defendant for over 200 barrels of gasoline, and that it would not be liable to plaintiff for its failure to deliver the said 150 barrels of gasoline ordered on the 17th day of August, 1912."

Upon the issues joined, the case was tried to a jury, who returned a verdict for the defendant in the sum of $195.30. Timely motion was made for a new trial, which was overruled. To reverse said judgment, this appeal is prosecuted.

The material evidence in this case is undisputed and the determining question in the cause is the construction of the contract, a copy of which is attached to the answer and cross-petition of the defendant. We think that the contract is not unilateral, but that it is an option given by plaintiff to defendant to purchase the 200 additional barrels of gasoline, in addition to the 200 de-

livered, and that the consideration for said option was the purchase of the 200 barrels of gasoline, which was purchased and delivered, and that it was the duty of the plaintiff to have furnished the 150 barrels of gasoline prior to the expiration of the said contract upon demand of defendant, and it is entirely immaterial whether or not the defendant needed the 150 barrels of gasoline in its business, or what it did or intended to do with said 150 barrels of gasoline. In short, it is our opinion that the contract was not only for the purchase of the 200 barrels that was delivered, but in addition was an option given defendant, in consideration of the purchase of the 200 barrels, for 200 barrels additional gasoline, provided the same was ordered during the life of the contract:

"Where the offer is founded on a consideration, as where something is paid or promised for the option or refusal, the offer cannot be withdrawn, but continues in force until the expiration of the time limited for its acceptance. Where the offer is in a lease and gives the lessee the right to purchase within a certain time for a certain price, the lease is a sufficient consideration to make the offer binding. * * * And a promise cannot be revoked without the consent of the promisee, although the latter may not perform the condition of acceptance within the time limited: yet, if he does he is entitled to demand performance." 9 Cyc. 286.

In Olympia Bottling Works v. Olympia Brewing Company, 56 Or. 87, 107 Pac. 969 it is said:

"And it is well settled that an optional agreement, executed upon proper consideration, is not lacking in mutuality, and is enforceable." 21 Am. & Eng. Ency. Law, 929: House v. Jackson, 24 Or. 89, 32 Pac. 1027: Clarno v. Grayson, 30 Or. 111, 46 Pac. 426; Belch v. Miller, 32 Mo. App. 387; Worthington v. Beeman, 91 Fed. 232, 33 C. C. A. 475: Seaver v. Thompson, 189 Ill. 158, 59 N. E. 553; Hayes v. O'Brien, 149 Ill. 403, 37 N. E. 73, 23 L. R. A. 555; Hawralty v. Warren, 18 N. J. Eq. 124, 90 Am. Dec. 613; Hall v. Center, 40 Cal. 63.

In Ross v. Parks, 93 Ala. 153, 8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47, it is said:

"It may be stated as a sound principle of law, if an owner of land, in writing, gives another an option on land for a valuable consideration, whether adequate or not, agreeing to sell it to him at a fixed price, if accepted within a specified time, it is binding upon the owner and upon those who purchase from the owner with a knowledge of such agreement. Moses v. McClain, 82 Ala. 370 [2 South. 741] * * *: Maull v. Vaughn, 45 Ala. 134."

"Under such circumstances, the fixed time is a material part of the contract, and, when supported by a valuable consideration, the owner of the land cannot revoke the offer

before the time has expired within which the offer may be accepted." Robert C. Ross et al. v. Robert Scott Parks, 93 Ala. 153, 8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47.

"An option, supported by a consideration, furnishes another illustration of a contract which is valid notwithstanding the lack of mutuality. It is no objection to the validity of the contract that the holder of the option is under no obligation to exercise it. Similarly the privilege of purchasing given a lessee, in case the lessor makes a sale of the premises, is not invalid on the ground that it is wanting in mutuality, since this privilege is part of the consideration for accepting the lease." 6 Ruling Case Law, p. 686.

In the instant case, the consideration given by the defendant for the option was the purchase of the 200 barrels of gasoline, which were delivered. We are of the opinion that the demurrer to the fourth and fifth paragraphs of defendant's answer was without merit and that the court did not err in overruling the same.

We have carefully examined the instructions given by the court and excepted to, together with instructions requested, refused, and excepted to, and, from the views expressed, we are of the opinion that the instructions given correctly state the law, except possibly were too favorable to plaintiff upon the right of plaintiff to withdraw the option, and the court did not err in giving the same, and that the instructions requested do not correctly state the law, and were properly refused. There being evidence reasonably supporting the verdict, such verdict includes the finding that defendant was solvent, and we are without authority to disturb the verdict upon this point.

"A general finding in favor of a party includes a finding of all those facts necessary to constitute the claim of the party in whose favor the finding is made." Oland v. Malson, 39 Okla. 456, 135 Pac. 1055.

Where there is competent evidence to sustain a verdict based on conflicting evidence, it will not be disturbed on appeal. Tulsa Street Ry. Co. v. Jacobson, 40 Okla. 118, 136 Pac. 410. It follows that the court did not err in overruling the motion for new trial.

This cause should be affirmed.

By the Court. It is so ordered.