**HACKLEY et al. v. TRADESMEN'S NAT. BANK.**

No. 14450—Opinion Filed Nov. 20, 1923.

Rehearing Denied Feb. 19, 1924.

(Syllabus.)

1. **Appeal and Error—Harmless Error— Exclusion of Evidence—Action on Note.**

In an action on a promissory note, the refusal of the trial court to admit evidence offered by the defendant, showing that the title of the plaintiff's assignor is defective, constitutes reversible error, unless plaintiff proves he is a holder in due course, for value before maturity, without notice of said defect, in which event the error becomes harmless.

2. **Bills and Notes—Holder in Due Course —Burden of Proof.**

When it is shown that title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course, except as otherwise provided in section 7729, Comp. Okla. Stat. 1921.

3. **Same—Statute.**

Section 7725, Comp. Stat. 1921, declares when title to negotiable paper is defective.

4. **Same.**

Section 7722, Comp. Okla. Stat. 1921, defines a "holder of negotiable paper in due course."

5. **Same—Failure of Evidence.**

Record examined, and held, that plaintiff failed to establish that it was a "holder in due course."

Error from District Court, Oklahoma County; A. S. Wells, Assigned Judge.

Action by Tradesmen's National Bank against E. B. Hackley, Edna Hackley, and W. H. Williams; J. W. Vawter, intervener. From a judgment for plaintiff, the defendants and intervener appeal. Reversed and remanded.

Chastain, Harris & Young, for plaintiffs in error.

Oliver C. Black, for defendant in error.

MASON, J. This action was commenced in the district court of Oklahoma county, Okla., by the defendant in error, plaintiff below, against the plaintiffs in error, E. B. Hackley, Edna Hackley, and W. H. Williams, to recover judgment against the defendants upon a promissory note executed by them and to foreclose a real estate mortgage securing same.

It appears that on April 26, 1922, the defendants executed and delivered their note to Alva Sibel for the sum of $705.72 secured by real estate mortgage; that prior to the maturity of said note the same was indorsed and delivered to the Tradesmen's National Bank of Oklahoma City. Sibel borrowed from said bank the sum of $1,000, executing his note to the bank for said sum and securing said note by hypothecating three notes, including the one in controversy.

Thereafter, J. W. Vawter filed his plea of intervention, alleging that, on or about April 29, 1922, he was the owner and holder of a promissory note of the face value of $570, amounting with interest and attorney's fees, to the sum of $700, the same having been executed for valuable consideration by the defendants E. H. Hackley and Edna Hackley to R. D. Davis; that, on or about said date, the said Sibel, the assignor of the note and mortgage sued on herein, procured said note from the intervener in exchange for two notes, each of the face value of $400, and secured by real estate mortgage; that the intervener was induced to make said exchange by the false and fraudulent representations of said Sibel with reference to said notes and mortgage; that a short time thereafter Sibel surrendered said note to the defendants E. B. Hackley and Edna Hackley and procured from them and the said W. H. Williams the note and mortgage sued on herein.

Intervener further alleges that the plaintiff bank was not an innocent purchaser of said note sued on herein, but took an assignment of the same for collection after maturity thereof, and while suit was pending against the said Sibel, and while the said Sibel was restrained and enjoined from assigning or disposing of said note and mortgage. He then prayed for a decree of the court awarding him possession and title of said note and general relief.

The answer of the defendants admitted the making, executing, and delivering of the note and mortgage set out in plaintiff's petition, but alleged that they were procured by the assignor, Sibel, fraudulently and without consideration. Defendants

further allege that said note was purchased by the plaintiff long after maturity, and that the plaintiff had constructive notice, at the time said instrument was assigned to the plaintiff, that there was a suit pending against said assignor, Sibel, relative to said promissory note, and that said Sibel had been restrained and enjoined from making any transfer of said note and mortgage.

Thereafter, the plaintiff denied generally and specifically the allegations of the petition of intervention and the allegations of the defendants' answer. An amendment to the intervener's plea of intervention and to the defendants' answer was then filed, each of which alleged that the note sued upon had been judicially determined to be the property of the intervener, J. W. Vawter, in an action tried in said court wherein J. W. Vawter was plaintiff and Alva Sibel was defendant.

Upon the trial of the case, the court refused to admit evidence of the defendants and intervener tending to prove that the instruments sued on were void in so far as Alva Sibel, the immediate assignor of the plaintiff, was concerned, and struck from the files the copy of the judgment of the district court of Oklahoma county in the case of Vawter v. Sibel, wherein the court held that the note obtained from Vawter by Sibel was obtained by fraud and misrepresentation, and that it was the property of the said Vawter and ordered the same returned to him.

The court then sustained the plaintiff's demurrer to the evidence of the defendants and the intervener; took the case from the consideration of the jury and entered judgment for the plaintiff. The defendants and intervener filed their motion for new trial, which was overruled, and the case has been regularly appealed to this court.

Counsel for plaintiffs in error first contend that the title of Sibel, who assigned said note to the plaintiff, was defective, and that the same was procured by fraud and misrepresentation, and that the plaintiff was not a holder of said note in due course. Section 7725, Comp. Okla. Stat. 1921, declares when a title to a negotiable instrument is defective, within the meaning of the law concerning negotiable instruments, and is as follows:

"The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to fraud."

The copy of the judgment in the case of Vawter v. Sibel was not admissible in evidence, for the purpose of showing that the plaintiff bank had constructive notice of the defect in the title of Sibel, but it was admissible for the purpose of showing there was a defect in the title of Sibel, who was the assignor of the plaintiff herein, and the trial court erred in striking the same from the files and not admitting it in evidence. The evidence that the title of Sibel to said note was defective was admissible for the purpose of placing the burden on the plaintiff bank of proving it was a holder in due course as provided for in section 7729, Comp. Stat. 1921, which provides as follows:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective the burden is on the holder to prove he or some person under whom he claims acquired the title as a holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

However, if the evidence was sufficient to establish that the bank was a holder in due course, then the error of the trial court in refusing to admit said judgment in evidence would not be prejudicial to the rights of the defendants and the intervener, but would be harmless error. Section 7722, Com. Okla. Stat. 1921, defines a holder of negotiable paper in due course, as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"First. That it is complete and regular upon its face;

"Second. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"Third. That he took it in good faith and for value;

"Fourth. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The plaintiff bank, therefore, was required to prove that it was a holder in due course as provided in said section. The uncontradicted and conclusive evidence is that the bank met the first three requirements of said section, but the record discloses that there was a lack of evidence as to the fourth. So far as the record discloses, the plaintiff bank may have been entirely familiar with the whole transaction and of the fraud and misrepresenta-

tion practiced on the intervener, Vawter, by its assignor, Sibel. The bank having failed to prove that at the time the note was negotiated it had no notice of any defect in the title of the person negotiating it, the trial court erred in rendering judgment for the plaintiff.

Therefore the judgment is reversed, and the case remanded to the district court of Oklahoma county for a new trial.

McNEILL, V. C. J., and NICHOLSON, COCHRAN, and HARRISON, JJ., concur.