## EASTMAN NAT. BANK v. HERTZLER et al.

No. 15027—Opinion Filed Sept. 16, 1924.

**1. Trial — Motion for Judgment on Opening Statement.**

"Motion for judgment upon the opening statement of counsel should be denied, unless in said statement there is a solemn admission of facts made for the purpose of removing said facts from the realm of controversy, and which facts so admitted show that the party making the statement is not entitled to recover." Brady v. Ratkowsky, 69 Okla. 193, 171 Pac. 717.

**2. Trial—Motion to Direct Verdict—Effect.**

Where the evidence is conflicting and the court is asked to direct a verdict, all of the evidence and inferences in conflict with the evidence of the party against whom such motion is leveled must be eliminated and disregarded, leaving for consideration the evidence only which is favorable to the party against whom such direction is requested.

**3. Bills and Notes—Bona Fide Purchaser— Burden of Proof.**

In a suit by the indorsee against the maker of a negotiable promissory note, where it is shown that such note was obtained by the payee fraudulently or illegally, the burden shifts to the indorsee to prove that he purchased said note before maturity, for value, and in good faith, without notice of the defect in the title to such instrument.

**4. Appeal and Error—Questions of Fact— Verdict.**

Where the issues are fairly submitted to the jury and there is evidence tending to support the verdict of the jury, such verdict will not be disturbed on appeal to this court.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

This action was brought by the Eastman National Bank, a corporation, against J. W. Hertzler, Newkirk Smelter Company, William E. Willis, E. M. Clark, F. E. Chappell, and J. S. Hayes, for recovery of an alleged balance due upon a promissory note. Judgment went for the defendants J. W. Hertz-

ler and J. S. Hayes, from which judgment the plaintiff has appealed to this court. Affirmed.

G. A. Chappell and Hill & Kirkendall, for plaintiff in error.

Sam K. Sullivan and R. J. Shive, for defendant in error J. S. Hayes.

Simons, McKnight & Simons and Titus & Talbot, for defendant in error J. W. Hertzler.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendants as they were designated in the trial court.

This action was brought by the Eastman National Bank, a corporation, against J. W. Hertzler, as maker, Newkirk Smelter Company, E. M. Clark, Wm. E. Willis, F. E. Chappell, and J. S. Hayes, as indorsers, to recover a balance claimed to be due said plaintiff upon a promissory note executed by the defendant J W. Hertzler to the defendant Newkirk Smelter Company, and indorsed by said Smelter Company, E. M. Clark, Wm. E. Willis, F. E. Chappell, and J. S. Hayes. The note sued upon was executed by the defendant J. W. Hertzler on the 12th day of March, 1919, and due six months after date, and was for $5,250, and appears to be indorsed by the Newkirk Smelter Company and the other defendants, and bore the following credits: $310 on September 22, 1919, and $1,260 on October, 1919.

The plaintiff's petition contained the usual averments of the execution of the note, the indorsement by said defendants, and the purchase by the plaintiff for value before maturity. The defendant J. S. Hayes, for his separate answer to said petition, filed a verified plea non est factum. The defendant J. W. Hertzler, for his separate answer to said petition admitted that he signed the note sued on by the plaintiff bank, but as a defense thereto pleaded that said note was obtained from him by the fraud of the Newkirk Smelter Company, by its representatives and agents, and further that said note was void for the want of consideration. The defendant further denied that the plaintiff bank was the holder of said note for value in good faith and without notice of the infirmity of the title of the payee of said note, and on the contrary alleged that the plaintiff bank took said note with full knowledge and notice, actual and constructive, of the fraud which he claimed had been perpetrated upon him, and with knowledge of such facts that the action of

the bank in taking said note amounted to bad faith.

The plaintiff replied separately to the answers of the defendants J. S. Hayes and J. W. Hertzler. The defendant F. E. Chappell appeared and confessed judgment. The plaintiff says in its brief that there was no service upon the Newkirk Smelter Company for the reason that it was a defunct corporation, and no service had upon Wm. E. Willis and E. M. Clark for the reason that they were nonresidents of the state of Oklahoma. Upon the issues thus framed by the pleadings between the Eastman National Bank upon the one side and J. S. Hayes and J. W. Hertzler on the other, trial was had on the 20th day of April, 1922, which resulted in a verdict against the plaintiff and in favor of the defendants J. W. Hertzler and J. S. Hayes, and a verdict against said defendant J. W. Hertzler upon his cross-petition. The plaintiff's motion for a new trial having been overruled, it has appealed to this court, and assigns the following errors for a reversal: (1) That the court erred in overruling plaintiff's motion for judgment against the defendant J. W. Hertzler upon his opening statement of counsel for said defendant. (2) That the court erred in requiring the plaintiff below to assume the burden of proof against the defendant J. W. Hertzler. (3) That the court erred in overruling the plaintiff's demurrer to the evidence on the part of said defendant Hertzler and in overruling plaintiff's motion for a peremptory instruction to the jury to return a verdict in favor of the plaintiff, and against said defendant J. W. Hertzler. (4) That the court erred in overruling the motion for a new trial as to the defendant J. S. Hayes, for the reason that the evidence on the part of said defendant is insufficient to support the verdict.

There was no error in overruling the motion for judgment upon the opening statement of counsel for defendant J. W. Hertzler; that said defendant's answer set up a good and valid defense to the cause of action stated in plaintiff's petition is not questioned. In the opening statement it appears that this answer was read to the jury and the counsel, after detailing the facts and circumstances upon which the defendant would rely to support the averments contained in the answer, closed with these words:

"And we will introduce this evidence, and if we substantiate these things that I say to you, we claim that the plaintiff is not only entitled to recover anything from us, but we are entitled to recover back from them that which we have paid them."

No admissions were made inconsistent with the answer.

"Motion for judgment upon the opening statement of counsel should be denied, unless in said statement there is a solemn admission of facts made for the purpose of removing said facts from the realm of controversy, and which facts so admitted show that the party making the statement is not entitled to recover." Brady v. Ratkowsky, 69 Okla. 195. 171 Pac. 717.

The second assignment of error is not supported by the record. When the motion for judgment on the pleading was under discussion, the court announced that the burden to show fraud in the beginning was upon the defendant J. W. Hertzler, and in its instruction to the jury announced the proper rule in the following language:

"And in this connection, I charge you that the law is that every holder of an instrument, such as the one involved herein, is presumed to be a holder in due course; that is, that he obtained it in due course of business; but when it is shown that the title of any person who negotiated it is defective, the burden then shifts upon the holder of the note to prove that he, or some person under whom he acquired title, acquired the title as a holder in due and regular course of business, as hereinabove explained." Hackley et al. v. Tradesmen's National Bank, 101 Okla. 91, 223 Pac. 163.

The answer of defendant J. S. Hayes necessarily put the burden upon the plaintiff to prove that his alleged indorsement was genuine, and the plaintiff without objection introduced its evidence against the defendant J. S. Hayes, as well as its proof tending to show that the bank was a purchaser of said note before maturity for a valuable consideration and without notice of any infirmity in the title thereto.

The testimony of the defendant Hertzler tended to show that the note was obtained from him by gross fraud and misrepresentation; that the pretended consideration was for stock in what was known as Newkirk Smelter Company; that this ephemeral corporation came into existence sometime after the 13th day of March, 1919, and went out of existence upon the advent of the Blue Sky Law, Comp. Stat. 1921, sections 2270 and 2285. It purported to have been capitalized for $1,500,000; and the ostensible purpose of its existence was to purchase and move a smelter from Pittsburg, Kan., to a point at or near Newkirk, Okla.; that according to the representation of the stock salesman, it was to be located upon a dome where they would be sure to strike natural gas in quantities sufficient to run such smelter. The defendant Willis seems to have been the principal promoter of this

scheme and having an acquaintance with the defendant J. W. Hertzler, offered to sell him $5,000 worth of the capital stock of said company, but defendant Hertzler refused to purchase, and assigned two reasons: First, that he did not know anything about the smelter business; and, second, that he did not have the money with which to purchase. He was informed by the salesman that the Eastman National Bank was behind the scheme, and would discount his note for such stock. After the usual negotiations the defendant said that he would interview the banker, C. A. Gwinn, who was at the time the president and manager of the plaintiff bank, and Mr. Willis and the defendant E. M. Clark and others interested in the scheme went with the defendant J. W. Hertzler to the Eastman National Bank at Newkirk, and the defendant alleges in his answer, and testified upon the trial, that he was introduced to Mr. Gwinn by Mr. Willis; that he asked Mr. Gwinn about this smelter proposition and that Mr. Gwinn told him that it was a good investment, and further that Mr. Willis was a man who could be relied upon; that afterward and on the same day, viz. March 12, 1919, the said Willis, E. M. Clark and others held what was known as a booster meeting. intending to induce the defendant and others to purchase stock in said corporation; that said Gwinn was present at said booster meeting, and that said defendant J. W. Hertzler, relying upon the recommendations of said Gwinn as to the character of the manager of said company. and as to the integrity and ability of said Willis, was induced to and did sign the promissory note sued upon; that the only consideration received for said promissory note was $5,000 in stock in said company. This note it appears was purchased by Mr. Gwinn for the bank on the 13th day of March, 1919, and appears to be the first actual cash these promoters had received. This stock seems to have been issued on the 12th day of March, but it was sometime later before the charter was taken out, the evidence being that it was paid for out of the proceeds of the defendant's promissory note. Other efforts, it appears, were made to sell the stock with more or less indifferent success, until the last of June, 1919, when on account of the Blue Sky Law, which went into effect on June 29th of the year 1919. all further effort to sell this stock was abandoned.

No one can read the 300-page record in this case and doubt that the organization of the so-called Newkirk Smelter Company was a fraud from its inception, and the defendant J. W. Hertzler was victimized by the machinations of the manager, Wm. E. Willis, and his companions. It appears that after the execution of the note, the defendant paid thereon the sum of $310 at one time and $1,260 at another, but the defendant alleged and testified that he made these payments before he discovered that he had been defrauded, and by way of cross-petition attempted to recover back from the bank this and other sums of which he claimed to have been defrauded by the said Wm. E. Willis acting in connection with C. A. Gwinn, president and manager of said bank. The jury, however, found against the defendant on his cross-petition, and no cross-appeal is prosecuted. Unquestionably, the defendant J. W. Hertzler made out a prima facie case which cast the burden of proof upon the bank to prove that it was the holder of the note in due course. The plaintiff contends that the court should have instructed the jury to return a verdict in favor of the plaintiff, the theory being that the note sued upon was negotiable and that inasmuch as Mr. Gwinn testified that he purchased the note for the bank in good faith, and without notice of any defect in the title, and for value before maturity, that it was entitled to an instructed verdict. This is not the law.

"When it is shown that the title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired title in due course." Hackley et al. v. Tradesmen's National Bank, supra.

"While the authorities uphold with much unanimity the rule that neither negligence nor knowledge of suspicious circumstances, nor failure to make inquiries, will in or of itself amount to bad faith in a holder of negotiable paper who purchases it for value before maturity, yet they are equally consistent in holding that the existence of such facts may be evidence of bad faith sufficient to take the question to the jury" 3 R. C. L. sec. 280, page 1075: Arnd v. Aylesworth (Iowa.) 123 N. W. 1000, 29 L. R. A. (N. S.) 638; Compiled Laws, section 7729.

The burden of proof being upon the plaintiff bank to prove that it was a holder in due course, it was a question for the jury, and the jury was necessarily the sole judge of the credibility of the witness offered in support of the plaintiff's contention, and besides this the testimony of Mr. Gwinn was contradicted by the testimony of J. W. Hertzler, and of course presented a question for the jury.

As to the defendant Hayes, the testimony

on the part of the plaintiff consisted of the opinion of a number of experts who testified, by comparing the alleged signature of the defendant Hayes on the note in suit with certain admitted signatures of said defendant, that in their opinion the signature on the back of the note was the genuine signature of the defendant J. S. Hayes. Against this evidence the defendant J. S. Hayes testified that he never indorsed the note, and that the purported signature thereon was a forgery. The question thus presented, with the other issues in the case, was submitted to the jury by the court in an exceptionally clear and painstaking set of instructions which covered the entire case, and there is no contention that the jury was misdirected as to any issue in the case. The evidence throughout the trial was contradictory. The evidence on the part of the defendants was amply sufficient to support the verdict.

A verdict upon conflicting evidence will not be disturbed when reasonably supported by the evidence. Harrell v. Scott, 51 Okla. 373, 151 Pac. 1169.

"A verdict (reasonably) supported by evidence will not be disturbed on appeal" Crane v. Franklin, 17 Ariz. 476, 154 Pac. 1036; Apple v. French, 53 Okla. 72, 154 Pac. 659; First State Bank of Indiahoma v. Menasco, 5 Okla. 748, 151 Pac. 1169.

"Where there is competent evidence to sustain a verdict based on conflicting evidence, it will not be disturbed on appeal. Tulsa Street Railway Co. v. Jacobson, 40 Okla. 118, 136 Pac. 410. It follows that the court did not err in overruling the motion for new trial." Waters Pierce Oil Company v. Progressive Gin Co., 59 Okla. 262, 159 Pac. 349.

Having reached the conclusion that there was evidence in the case reasonably supporting the verdict of the jury, it necessarily follows that we find no error in the refusal of the court to direct a verdict, or denying a new trial. We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.